UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland  21201
410-962-4055

April 23, 2026

MEMORANDUM TO PARTIES RE:     Equal Emp. Opportunity Comm'n v. Int'l
                              Longshoremen's Ass'n, et al.
                              Civil Action No. GLR-69-20688

Dear Parties:

Pending before the Court is self-represented Movant Riker McKenzie-El, Jr.'s Motion for Reconsideration of the Court's April 16, 2026 Order denying his Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI"). (ECF No. 21). No hearing is necessary to resolve the Motion. See Local Rule 105.6 (D.Md. 2025). For the reasons outlined below, the Court will deny the Motion.

**Background**

In 1969, the United States Government filed suit against Defendants International Longshoremen's Association ("ILA"), Locals 829 and 858 of the ILA, and the Atlantic Coast District of the ILA (collectively, "Defendants") for alleged violations of the Civil Rights Act of 1964. United States v. Int'l Longshoremen's Ass'n, 319 F.Supp. 737, 738–39 (D.Md. 1970), aff'd, 460 F.2d 497 (4th Cir. 1972). Judge Alexander Harvey found that Defendants violated the Civil Rights Act and entered a decree (the "Harvey Decree") that, among other things, permanently enjoined Defendants from engaging in racially discriminatory employment practices. Id. at 741–42, 747; (Harvey Decree at 19, ECF No. 9-2). The Harvey Decree also required the local unions to adopt a seniority system that "assign[ed] personnel into seniority groups in accordance with their length of time and service in the industry." (Harvey Decree at 21–22, 28).

On October 28, 2025, McKenzie-El filed a Motion to Enforce the Harvey Decree. (ECF No. 9). He later filed an Emergency Motion to Compel Compliance and Enforcement of PI on December 30, 2025. (ECF No. 11). In these Motions, McKenzie-El alleged that he and "similarly situated workers accrued covered employment credit hours with [Steamship Trade Association] member employers" but that "Defendants' practices have impaired earned seniority, wages, and benefits." (Mot. Enforce Fed. Decree #20688 at 2, ECF No. 9). He sought enforcement of the Harvey Decree, specifically as it relates to seniority classifications and benefits, and a PI requiring the "[i]mmediate cessation of discriminatory seniority [and] job access practices." (Id.; Emergency Mot. Compel Compliance & Enforce PI at 1, ECF No. 11).

On January 6, 2026, the Court found that McKenzie-El does not have standing to enforce the Harvey Decree and denied the Motions. (Jan. 6, 2026 Order at 2, ECF No. 12). McKenzie-

El filed a Motion for TRO and PI on April 15, 2026, (ECF No. 18), which the Court denied on April 16, 2026, due to McKenzie-El's lack of standing, (Apr. 16 Order at 2–3, ECF No. 19). McKenzie-El then filed a Supplement to the Motion for TRO and PI and the instant Motion for Reconsideration on April 17 and April 20, 2026, respectively. (ECF Nos. 20, 21).

**Standard of Review**

Although the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," Rule 59(e) authorizes a district court to alter or amend a prior final judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). Motions brought under Rule 59(e) must be filed within twenty-eight days of the final judgment. Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC 13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). A district court may only alter or amend a final judgment under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 (4th Cir. 2017) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). A Rule 59(e) amendment is "an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (cleaned up). Accordingly, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT-08-501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

**Analysis**

Here, McKenzie-El argues that, although he does not have standing as an original party to this action, he has standing as someone who "seeks relief for ongoing and concrete injuries to his own employment, seniority, dispatch access, and governance rights within the very system governed by the [Harvey] Decree and the related seniority framework." (Mot. Recons. at 1, ECF No. 21). He suggests that the Harvey decree is merely the "controlling framework, not the sole source of standing." (Id. at 2). These arguments, however, do not warrant reconsideration.

McKenzie-El misunderstands the nature of standing in this context. Despite his allegations of ongoing harms related to matters covered in the Harvey Decree, (id. at 1–2), and although he may be a person "intended to be benefited by" the Harvey Decree, he does not have the legal standing necessary to seek enforcement of the Harvey Decree against Defendants. Barkhorn v. Int'l Longshoremen's Ass'n, No. WMN-15-572, 2016 WL 97827, at *6 (D.Md. Jan. 8, 2016) (quoting Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975)). In other words, the alleged ongoing injuries do not bestow standing upon McKenzie-El where he was not a party to the original suit that gave rise to the Harvey Decree, see id. (citations omitted), as the Court explained in its prior Orders, (Jan. 6, 2026 Order at 2; Apr. 16, 2026 Order at 2–3). Neither the Motion for Reconsideration nor the Supplemental Filing contain information that alter this conclusion. Thus, McKenzie-El has not provided any factual or legal grounds to warrant reconsideration and, therefore, his Motion for Reconsideration will be denied. See Judge v. Balt. City, No. GLR-14-3117, 2015 WL 11027771, at *1 (D.Md. June 26, 2015) (citations omitted), aff'd sub nom., Cornish v. Balt. City, 621 F.App'x 185 (4th Cir. 2015).

2

**Conclusion**

For the foregoing reasons, McKenzie-El's Motion for Reconsideration (ECF No. 21) is DENIED. Despite the informal nature of this Memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and to MAIL a copy of this Order to McKenzie-El's address of record.

Very truly yours,

/s/

George L. Russell, III
Chief United States District Judge